FILED at 2:52 P.M.
Sept 28 20 11

Courtroom Deputy/Scheduling Clerk
District Court
Middle District of Georgia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | DOCKET NO. 1:11-CR-15 |
| v. : | |
| : | |
| ENRIQUE MIGUEL DeLUNA : | |
| : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and ENRIQUE MIGUEL DELUNA, hereinafter referred to as "Defendant", and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the government's evidence.

Page 1 of 13

Defendant's Initial's
Defense Co. Initial's

AUSA's Initial's

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the government would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466

Defendant's Initial's

Defense C¢. Initial's

AUSA's Initial's

(2000), and their progeny. So Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to:

- **Count One of the Indictment which charges the Defendant with Coercion and Enticement in violation of 18 U.S.C. § 2242(b).**

(B)   **Statutory Penalty:** Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, would ordinarily subject Defendant to a mandatory minimum statutory penalty of Ten (10) years imprisonment, up to a maximum possible term of life, a maximum fine of

Page 3 of 13

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

$250,000.00, or both, and a term of supervised release of at least five (5) years, up to any term of years, and a mandatory assessment of $100.00.

- **Rule 11(c)(1)(C) - Plea to a Stipulated Sentence:**

However, this plea agreement is made pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and Defendant and the United States Attorney agree that the appropriate term of imprisonment in this case should be as follows:

- **Ten (10) years imprisonment.** This will be the sentence to be served by the defendant if this plea agreement is accepted by the Court;

The parties do not stipulate to the other penalties, but leave these to the discretion of the Court. These additional penalties are as follows:

- **A maximum possible fine of $250,000;**
- **Supervised release for at least Five (5) years up to possible supervision for life;**

Finally, the $100 assessment fee is mandatory.

- **The defendant also understand that following his conviction and**
- **sentencing in this matter he will be required to register as a sex offender and that failure to do so and to keep his registration**

Page 4 of 13

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

updated could subject him to further prosecution under 18 U.S.C. § 2250 ("Failure to Register.")

- **The defendant further understands that the minor victim may have a claim to restitution under 18 U.S.C. § 3663 & § 2259. The Court will determine the amount of restitution, if any, at sentencing.**

Defendant understands that if the Court accepts this agreement, this request will be binding upon the Court. Defendant further understands that if the Court rejects this plea agreement the Court must do so on the record and in open Court. The Court must advise the Defendant of the following: (A) inform the parties that the Court rejects the plea agreement, (B) advise the Defendant personally that the Court is not required to follow the plea agreement and give the Defendant the opportunity to withdraw the plea and (C) advise the Defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the Defendant than the plea agreement contemplated. The Government further agrees that should this plea be withdrawn based on the Court notifying the parties that it will not accept the terms of this agreement, the Government will not make any use of the statements made by the Defendant during the plea colloquy or as stipulated in this agreement in any subsequent trial which might be necessary.

ED
Defendant's Initial's

_____
Defense Co. Initial's

_____
AUSA's Initial's

(C)   Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(D)   Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or any other court review of Defendant's sentence, and Defendant's waiver includes any collateral attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then Defendant shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of Defendant's sentence, then Defendant shall have the right to cross-appeal from the sentence.

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant.

(5)

The sentencing discretion of the Court is limited as set forth in Paragraph 3 above.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Page 7 of 13

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

(7)

As an aid to this Court, the United States Attorney and Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that the following facts are true and could be proven beyond a reasonable doubt at a trial:

Defendant Deluna, then 22 years old, and 14 year-old minor victim, Heather, first met in a MySpace chat room in June 2008. Deluna later posted on Facebook that he was "in a relationship" and that his "anniversary" date was June 21, 2008. The two communicated via various internet applications and by telephone, all interstate communications, for approximately a year and a half without ever meeting in person. Deluna knew Heather was a minor and he wanted to have sex with her. (Having sex with a minor is an offense for which the defendant could be prosecuted in the states of Georgia and Texas.) The two talked about waiting until

Page 8 of 13

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

Heather is 18 so they could get married.

## 1. The Sexually Graphic Chat Logs:

The lengthy and sexually graphic chat logs found on a computer at the house of Deluna's mother were recovered by agents. They have been preserved and are evidence of Deluna's sexual enticement of a minor girl. In particular, on December 20, 2009, the two exchanged explicit sex talk about intercourse. They discussed sex, marriage and running away. Deluna stated, "We can relax wen the statue of limitations for statutory rape is up." (sic.)

## 2. The Chat Logs on the Laptop:

The internet chat logs from December 14, 2009, until February 1, 2010, the day Deluna left Indiana on a bus for Albany, Georgia, have been preserved.

## 3. Heather Runs Away With Deluna:

On February 2, 2010, Deluna traveled from Gary, Indiana to Albany, Georgia, via bus. Thereafter, he made his way on foot to Heather's residence and met her in person for the first time. At about 8:25 p.m. the two left on foot for the Albany bus station. Deluna purchased tickets in the names of "Carmen and Miguel *Peluna*." Deluna and Heather, aged 14, then traveled by bus from Albany, Georgia, to San Antonio, Texas, a 25 hour trip. They left on February 2, and

Page 9 of 13

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

arrived in Texas on February 3, 2010.

Deluna and Heather stayed for the next six days with two cousins of Deluna, Miguel Flores, in apartments in San Antonio. There, Deluna and Heather had sex.

### 4. Police Located Heather, Arrest Deluna:

Deluna was interviewed by the police and then arrested by local authorities after admitting to having had sex with Heather. Heather was also interviewed and admitted to having sex with Deluna there in his cousin's apartment.

(8)

### ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 28th day of September, 2011.

                      MICHAEL J. MOORE
                      UNITED STATES ATTORNEY

BY: _____
           JIM CRANE
           ASSISTANT UNITED STATES ATTORNEY

Page **11** of **13**

ED
Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

I, ENRIQUE MIGUEL DELUNA, read this agreement or had this agreement read to me by my attorney, NICOLE WILLIAMS. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
ENRIQUE MIGUEL DELUNA
DEFENDANT


I, NICOLE WILLIAMS, attorney for Defendant ENRIQUE MIGUEL DELUNA, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
NICOLE WILLIAMS
ATTORNEY FOR DEFENDANT

Page 12 of 13

_____
Defendant's Initial's

_____
Defense Co. Initial's

_____
AUSA's Initial's